[Cite as *Eubank v. Mardoian*, 2012-Ohio-1260.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JAMES R. EUBANK | | C.A. No.    11CA009968 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLEN L. MARDOIAN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    08CV157974 |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2012

MOORE, Judge.

{¶1}   Appellant, James R. Eubank, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   We considered this case in a prior appeal and summarized the facts as follows:

On August 5, 2008, Eubank filed a complaint against Mardoian and the estates of his parents, Russell and Edna Eubank (collectively "Mardoian").  Although he does not label his claims, he appears to have alleged elements of conversion, fraud, and/or breach of contract.  Moreover, he speaks of embezzlement in subsequent filings with the court.  Mardoian moved for leave to plead, and the trial court granted an extension until February 9, 2009.  On January 12, 2009, Eubank filed a motion for default judgment which the trial court denied because it had granted Mardoian an extension of time in which to answer or otherwise file a responsive pleading.

On February 6, 2009, Eubank filed an amended complaint.  On February 9, 2009, Mardoian filed a motion to dismiss the original complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) and for lack of jurisdiction pursuant to Civ.R. 12(B)(1), or in the alternative, a motion for a more definite statement.  Eubank filed a memorandum in opposition to the motion to dismiss, in part arguing that Mardoian did not respond to the amended complaint.

On March 4, 2009, Eubank filed a motion for summary judgment. On March 6, 2009, Mardoian filed a motion for leave to file an amended motion to dismiss instanter. She appended the affidavit of her attorney who averred that the defendants had not been served with the amended complaint and that counsel only obtained a copy of the amended complaint from the clerk's office. The trial court granted Mardoian leave to file the amended motion to dismiss.

The trial court directed Mardoian to respond to Eubank's motion for summary judgment by March 25, 2009. Mardoian moved to extend time in which to respond until after the completion of discovery. The trial court granted the motion for extension of time.

On April 6, 2009, the trial court issued a journal entry granting Mardoian's amended motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). The trial court further concluded that Eubank's pending motions were, therefore, rendered moot.

*Eubank v. Mardoian*, 9th Dist. No. 09CA009575, 2010-Ohio-401, ¶ 2-6. On appeal, this Court affirmed the trial court's decision to grant the motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). *Id.* at ¶ 12.

**{¶3}** On February 11, 2011, Eubank filed a motion for relief from judgment due to fraud on the court pursuant to Civ.R. 60(B)(5). The motion requested an evidentiary hearing. On February 15, 2011, the trial court denied the motion.

**{¶4}** Eubank timely filed a notice of appeal. He raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DENIED [EUBANK'S] MOTION FOR RELIEF FROM JUDGMENT AND THE DENIAL BY THE LOWER COURT WAS UNREASONABLE, ARBITRARY, AND UNCONSCIENABLE [*SIC*].

## ASSIGNMENT OF ERROR II

THE LOWER COURT ERRED AND ABUSED ITS DISCRETION BY DENYING [EUBANK'S] MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)(5), HAVING EVIDENCE THAT [] ELLEN L.

MARDOIAN COMMITTED FRAUD ON THE TRIAL COURT AND DEFRAUDED [EUBANK] FROM THE PROCEEDS OF THE SALE OF HIS HOUSE.

{¶5} In his first and second assignments of error, Eubank argues that the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B)(5). He further argues that the trial court erred by not granting an evidentiary hearing. We do not agree.

{¶6} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶7} To prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶8} The question of whether such relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*,

5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} Initially, we note that Eubank filed his motion for relief from judgment nearly two years after the original judgment. Civ.R. 60(B) requires motions to be made within a reasonable time. Within the context of reasonable filing, the rule further explicitly restricts motions under reasons (1), (2) and (3) to be filed not more than a year after the judgment or order. Eubank specifically argued that he was entitled to relief pursuant to Civ.R. 60(B)(5), which only required him to demonstrate that his motion was made within a reasonable time. Although the issue of "[w]hat constitutes 'reasonable time' for filing the motion under Civ.R. 60(B) depends upon the facts of the case," *Stickler v. Ed Breuer Co.*, 8th Dist. Nos. 75126, 75129, and 75206, 2000 WL 218380, *3 (Feb. 24, 2000), "[a] movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." *In re Guardianship of Brunstetter*, 11th Dist. No. 2002-T-0008, 2002-Ohio-6940, at ¶ 14, citing *Shell v. Cryer*, 11th Dist. No. 2001-L-083, 2002-Ohio-848. Eubank offers no reason why it took him almost two years to seek relief from the judgment. We conclude, under these circumstances, that he failed to file his motion within a reasonable time.

{¶10} Moreover, even if Eubank's motion had been made within a reasonable time, he failed to demonstrate that he has a meritorious claim to present if relief were granted. In his Civ.R. 60(B) motion, he argued that Mardoian committed a "fraud upon the court" when she "perjured" and gave "fraudulent information" to the court in her prior affidavit. However, Eubank does not allege facts which constitute a fraud upon the court warranting consideration under Civ.R. 60(B)(5). *See, e.g., Turoczy v. Turoczy*, 30 Ohio App.3d 116 (1986). "Where the

motion involves a misrepresentation made by an adverse party, it is properly brought pursuant to Civ.R. 60(B)(3). * * * Where the motion involves a misrepresentation made by an officer of the court, e.g., an attorney, which misrepresentation perpetrates a fraud upon the court, the motion is properly brought pursuant to Civ.R. 60(B)(5)." *Zaubi v. Caluya*, 8th Dist. No. 61308, 1991 WL 205417 (Oct. 10, 1991), citing Staff Notes to Civ.R. 60(B) and *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983). Eubank's motion argued a misrepresentation by Mardoian, the adverse party, and should have been brought pursuant to Civ.R. 60(B)(3). "A party cannot convert a Civ.R. 60(B)(3) motion into a Civ.R. 60(B)(5) motion merely by characterizing conduct as fraud upon the court. *CIT Fin. Serv., Inc. v. Lazzano*, 8th Dist. No. 47401, 1984 WL 5461 (Apr. 12, 1984). Additionally, Civ.R. 60(B)(5) will apply only when one of the specific provisions enumerated in Civ.R. 60(B)(1)-(4) does not apply. *Strack*, supra, 70 Ohio St.3d at 174." *Lewis v. Blair*, 110 Ohio App.3d 342, 346-57 (9th Dist.1996). In the case at hand, Civ.R. 60(B)(3) is applicable.

{¶11} Even assuming that Eubank alleged facts necessary to bring his motion within the "catch all" provision of Civ.R. 60(B)(5), it would not be an abuse of the trial court's discretion to deny the motion. This Court previously affirmed the trial court's decision that dismissed Eubank's complaint for failure to state a claim. In his motion for relief from judgment, Eubank seeks to introduce an affidavit to bolster the allegations that he previously asserted. He has, however, failed to overcome the fatal deficiencies in his amended complaint and fails to demonstrate that he has a meritorious claim to present if relief were granted.

{¶12} It is a fundamental legal principle that there should be finality in every case, and that once judgment is entered it should be disturbed only under the proper circumstances. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 100 (1974). The instant case does not present the

proper circumstances. Accordingly, it was not an abuse of discretion for the trial court to deny the motion for relief from judgment.

**{¶13}** Furthermore, the trial court did not err in refusing to grant a hearing on the motion. "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins*, 108 Ohio App.3d 117, 121 (8th Dist.1995). As discussed in our analysis above, Eubank's Civ.R. 60(B) motion failed to include allegations of operative facts to satisfy the three prongs from *GTE Automatic Elec., Inc*. Therefore it was not an abuse of discretion for the trial court to overrule the Civ.R. 60(B) motion without first holding an evidentiary hearing.

**{¶14}** Accordingly, Eubank's assignments of error are overruled.

### III.

**{¶15}** Eubank's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JAMES R. EUBANK, pro se, Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.