[Cite as *JP Morgan Grantor Trustee v. Sponseller*, 2014-Ohio-5533.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JP MORGAN GRANTOR TRUSTEE | C.A. No. 27244 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHY J. SPONSELLER, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV-2006-04-2397 |

DECISION AND JOURNAL ENTRY

Dated: December 17, 2014

BELFANCE, Presiding Judge.

{¶1} Defendants-Appellants Timothy J. Sponseller and Paulexania Sponseller (collectively "the Sponsellers") appeal from the denial of their motion to set aside summary judgment and order of sale pursuant to Civ.R. 60(B). For the reasons set forth below, we affirm.

I.

{¶2} In April 2006, Plaintiff-Appellee JP Morgan Grantor Trustee ("JP Morgan") filed a complaint in foreclosure against the Sponsellers, Ravenna Branch, and Joseph Lee Wayne. The Sponsellers answered the complaint, generally denying that JP Morgan was the holder of the note and mortgage but did not specifically assert that JP Morgan lacked standing. First Place Bank responded as the successor of Ravenna Branch and disclaimed any interest in the real property at issue. In June 2006, JP Morgan filed a motion for summary judgment and attached an affidavit asserting that JP Morgan was the holder of the note and mortgage, that there had been a default under the terms of the note and mortgage, that JP Morgan was accelerating the

loan, and that $130,500.00 was due along with interest. Attached to the affidavit was a copy of the note endorsed in blank and a copy of the mortgage issued to New Century Mortgage. As Mr. Wayne failed to respond to the complaint, JP Morgan sought a default judgment against him. The Sponsellers did not respond to the motion for summary judgment. The trial court awarded summary judgment to JP Morgan on July 19, 2006. The Sponsellers did not appeal.

{¶3} On January 31, 2007, the Sponsellers filed a Chapter 13 petition for bankruptcy which was dismissed by the bankruptcy court March 15, 2007. The sheriff sale that had been scheduled during that timeframe was cancelled due to the automatic stay. The stay was lifted March 30, 2007, and the case was reactivated. The property was reappraised, and another sale scheduled. However, the Sponsellers filed another Chapter 13 petition on November 14, 2007, which was dismissed on December 14, 2007. The foreclosure case was then reactivated January 2, 2008, and the property was again reappraised and scheduled for sale. On August 20, 2008, the Sponsellers filed a Chapter 7 petition which was dismissed October 1, 2008. The trial court reactivated the case October 23, 2008. Three times during 2010, the property was set for sheriff sale, and the sale was later withdrawn by JP Morgan, twice because JP Morgan was examining a possible loan modification and once because it did not want to proceed with execution of the judgment at that time.

{¶4} Ultimately, the property was set for sale on December 13, 2013. The Sponsellers filed a motion to stay execution of the judgment and the sheriff sale, which was granted. Additionally, on November 25, 2013, the Sponsellers filed a motion to set aside summary judgment and the order of sale pursuant to Civ.R. 60(B). The Sponsellers asserted that JP Morgan lacked standing to file the foreclosure action and, thus, the judgment against them should be vacated and/or should be declared void. They sought relief via Civ.R. 60(B)(4) and

(5). JP Morgan filed a motion in opposition. On January 15, 2014, the trial court overruled the Sponsellers' motion, concluding that the motion was not filed within a reasonable time. The Sponsellers have appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

> REVIEWING THE TRIAL COURT'S DENIAL OF THE APPELLANTS' MOTION TO SET ASIDE THE SUMMARY JUDGMENT *DE NOVO*, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT[S] BY DENYING APPELLANT[S'] MOTION AND GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE FORECLOSURE COMPLAINT.

{¶5}   In their sole assignment of error, the Sponsellers assert that the trial court erred in overruling their Civ.R. 60(B) motion. The foundation of their argument is that JP Morgan lacked standing to initiate the foreclosure action and, thus, the trial court was without subject matter jurisdiction to enter a judgment, rendering that judgment void ab initio. We do not agree.

{¶6}   The Supreme Court of Ohio recently addressed the propriety of raising the issue of standing in a Civ.R. 60(B)(3) motion. *Bank of Am., N.A. v. Kuchta,* Slip Opinion No. 2014-Ohio-4275. In *Kuchta*, after the complaint was filed, the bank filed a document demonstrating an assignment of the note and mortgage had occurred after the filing of the complaint. *Id.* at ¶ 2-3. The defendants initially answered the foreclosure complaint and asserted lack of standing. *Id.* at ¶ 2. Later in the proceedings, they did not respond to the bank's summary judgment motion and did not appeal the judgment. *Id.* at ¶ 3-4. However, they did bring a motion for relief from judgment pursuant to Civ.R. 60(B)(3). *Id.* at ¶ 5. After the trial court denied the motion, this Court reversed that decision concluding that, because standing was jurisdictional, the Kuchtas would be entitled to relief if the bank's lack of standing was demonstrated. *Id.* at ¶ 5-6. This

Court certified its decision as in conflict with a decision of the Tenth District and the matter was accepted by the Supreme Court. *Id.* at ¶ 7. Thereafter, the Supreme Court held the following:

> 1. An allegation that a plaintiff fraudulently claimed to have standing may not be asserted as a ground for vacating the judgment under Civ.R. 60(B)(3).
>
> 2. Lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure.
>
> 3. Although standing is required in order to invoke the jurisdiction of the court of common pleas over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court.

*Id.* at paragraphs one through three of the syllabus.

{¶7} In reaching its conclusion, the Supreme Court determined whether lack of standing could be a ground for relief under Civ.R. 60(B)(3), and alternatively, the propriety of granting relief based upon a common law motion to vacate for lack of subject matter jurisdiction. *See id.* at ¶ 9-24.

{¶8} With respect to the propriety of filing a motion pursuant to Civ.R. 60(B)(3), the Supreme Court noted that "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Id* at ¶ 13. It further noted that "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata." *Id.* at ¶ 15. "However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Id.* In such cases, "a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Id.* at ¶ 16. Thus, the Court concluded that res judicata applied as the Kuchtas filed the Civ.R. 60(B) motion "to relitigate an issue that they had raised at the start of litigation and which they failed to appeal." *Id.*

**{¶9}** With respect to whether the lack of standing would render the judgment void ab initio due to lack of subject matter jurisdiction, the Court concluded that "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *Kuchta,* Slip Opinion No. 2014-Ohio-4275, at ¶ 23. Accordingly, the Court overruled the Kutchas' argument to the contrary. *Id.* at ¶ 24.

**{¶10}** Even assuming that JP Morgan lacked standing, such did not affect the trial court's subject matter jurisdiction. *Id.* at paragraph three of the syllabus. Thus, the trial court's judgment was not void ab initio, and the Sponsellers' argument to the contrary is not well-taken. *See id.; see also id.* at ¶ 17. With respect to their Civ.R. 60(B) motion, although we recognize that, unlike the motion filed by the Kuchtas, the motion for relief from judgment in this case was brought under Civ.R. 60(B)(4) and (5), we nonetheless conclude that the trial court did not err in denying the Sponsellers' motion. The Sponsellers have not demonstrated the existence of an injustice so great as to warrant a departure from the application of res judicata. *See id.* at ¶ 15. Instead, the record merely evidences that the Sponsellers failed to appeal the foreclosure judgment. However, as noted above, Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Id.* at ¶ 15. Given that the Sponsellers did not appeal the judgment in foreclosure and based upon the Supreme Court precedent cited above, this is not a case where they can collaterally attack the judgment now based upon the issue of standing. *See id.* at paragraph two of the syllabus; *see also id.* at ¶ 8. Accordingly, the trial court did not err in denying the Sponsellers' Civ.R. 60(B) motion.

**{¶11}** The Sponsellers' sole assignment of error is overruled.

III.

{¶12} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellants.

MATTHEW J. RICHARDSON and ANN MARIE JOHNSON, Attorneys at Law, for Appellee.