[Cite as *Wells Fargo Bank, N.A. v. Clucas*, 2015-Ohio-88.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WELLS FARGO BANK, N.A.

    Appellee

    v.

CRAIG A. CLUCAS, et al.

    Appellant

C.A. No.     27264

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2013-02-1096

DECISION AND JOURNAL ENTRY

Dated: January 14, 2015

---

MOORE, Judge.

{¶1} Defendant-Appellant, Craig Clucas, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to set aside the decree of foreclosure that the court entered in favor of Plaintiff-Appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). This Court affirms.

I.

{¶2} On April 4, 2003, Mr. Clucas executed a note in the amount of $106,000 in favor of First Horizon Home Loan Corporation ("First Horizon") for property located at 714 State Mill Road in Akron. The note was secured by a mortgage on the same property in favor of First Horizon. On April 25, 2003, First Horizon recorded the mortgage. It also endorsed Mr. Clucas' note in blank. In February 2008, First Horizon assigned Mr. Clucas' mortgage to Wells Fargo. The assignment was recorded on February 29, 2008.

{¶3} In December 2009, Mr. Clucas entered into a Home Affordable Modification Agreement with Wells Fargo for the purpose of modifying his loan payments under his note. Nevertheless, Mr. Clucas subsequently defaulted on his payments. On February 21, 2013, Wells Fargo brought suit against Mr. Clucas as the current holder of his note and mortgage. Wells Fargo sought judgment in the amount of $88,355.05, plus interest and late fees, as well as a decree of foreclosure. It attached to its complaint copies of Mr. Clucas' original note, mortgage, the assignment of his mortgage, and his loan modification agreement.

{¶4} Wells Fargo served Mr. Clucas with a copy of its complaint by personal service at his residence and by certified mail service, but Mr. Clucas never filed an answer or any other responsive pleading. On April 19, 2013, Wells Fargo moved for default judgment. Six days later, the court granted the motion. The court awarded Wells Fargo $88,355.05, plus interest and late fees from September 1, 2012, and ordered foreclosure.

{¶5} On January 29, 2014, two days before the scheduled sheriff's sale, Mr. Clucas filed a motion to set aside the decree of foreclosure. In his motion, he argued that the court had erred by granting a default judgment against him in the absence of a hearing. He further argued that Wells Fargo lacked standing to pursue the foreclosure action against him. The court denied his motion.

{¶6} Mr. Clucas now appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. CLUCAS] BY GRANTING AND

UPHOLDING THE DEFAULT JUDGMENT WITHOUT PROVIDING PROPER, CONSTITUTIONAL NOTICE OF HEARING AND OPPORTUNITY TO [MR. CLUCAS] TO BE HEARD AND DEFEND THE MATTER.

### ASSIGNMENT OF ERROR II

REVIEWING THE TRIAL COURT'S DENIAL OF [MR. CLUCAS'] MOTION TO SET ASIDE THE DEFAULT JUDGMENT *DE NOVO*, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. CLUCAS] BY DENYING [HIS] MOTION AND UPHOLDING DEFAULT JUDGMENT ON THE FORECLOSURE COMPLAINT.

{¶7} In his assignments of error, Mr. Clucas argues that the trial court erred by denying his Civ.R. 60(B) motion to set aside the decree of foreclosure. He argues that he was entitled to relief under either Civ.R. 60(B)(4) or (B)(5) because (1) it was error for the court to enter a default judgment against him in the absence of a hearing, and (2) the judgment the court entered against him was void. We do not agree that the court erred by denying Mr. Clucas' motion.

{¶8} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Civ.R. 60(B) allows a party to seek relief from final judgment in a variety of contexts, including when "it is no longer equitable that the judgment should have prospective application" or when "any other reason justif[ies] relief from the judgment." Civ.R. 60(B)(4), (5).

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)

through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). "It is also well established in Ohio that a Civ.R. 60(B) motion for relief from judgment must not be used as a substitute for a timely appeal." *Watkins v. Williams*, 9th Dist. Summit No. 23186, 2007-Ohio-513, ¶ 12.

{¶10} In his assignments of error, Mr. Clucas argues that he was entitled to Civ.R. 60(B) relief for two reasons. First, he argues that he was entitled to relief because the trial court granted a default judgment against him in the absence of a hearing. Although he never filed a responsive pleading, Mr. Clucas argues that he appeared in the action because, during the course of the foreclosure proceedings, he and Wells Fargo had discussions about resolving the matter. Because those discussions triggered his notice rights, he argues, the court could not grant a default judgment against him without prior notice and a hearing.

{¶11} Second, Mr. Clucas argues that he was entitled to relief because the judgment that the trial court entered against him was void. Citing *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, he argues that Wells Fargo lacked standing to pursue the foreclosure action against him. He avers that there was no evidence that Wells Fargo held his note and mortgage through a valid assignment from First Horizon. He further argues that his loan "may have been securitized into a Trust" such that it "would have been converted into [] stock or a stock equivalent."

{¶12} As previously noted, Mr. Clucas moved for relief from judgment pursuant to Civ.R. 60(B)(4) and (B)(5). "The purpose of Civ.R. 60(B)(4), however, is to relieve a litigant of the burdens of a judgment when changed circumstances have rendered its continued application inequitable." *Rock v. Inn at Medina Mgt. Co., Inc.*, 9th Dist. Medina No. 07CA0072-M, 2008-Ohio-1992, ¶ 6. "Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question. Events which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4)." (Internal citation omitted.) *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52-53 (9th Dist.1991). Because all of Mr. Clucas' arguments relate to items or events that occurred before the court entered its default judgment, Civ.R. 60(B)(4) does not apply here. *See id.*

{¶13} Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Chuck Oeder Inc. v. Bower*, 9th Dist. Summit No. 23785, 2007-Ohio-7032, ¶ 10, quoting *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 346 (1977). It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005-Ohio-3800, ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment * * *." *Chuck Oeder Inc.* at ¶ 10. Moreover, as with any Civ.R. 60(B) motion, a movant's Civ.R. 60(B)(5) motion must "be made within a reasonable time." *Eubank v. Mardoian*, 9th Dist. Lorain No. 11CA009968, 2012-Ohio-1260, ¶ 9. "Although the issue of what constitutes 'reasonable time' * * * depends upon the facts of the case, a movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." (Internal quotations, citations, and alterations omitted.) *McFall v. McFall*, 9th Dist. Summit No. 26418, 2013-Ohio-2320, ¶ 14.

{¶14} The trial court entered its default judgment against Mr. Clucas on April 25, 2013, but Mr. Clucas did not file his Civ.R. 60(B) motion until January 29, 2014. There is no dispute that he was aware of the foreclosure proceedings against him and received a copy of Wells Fargo's complaint. Yet, in his Civ.R. 60(B) motion, he made no attempt to explain why he waited over nine months to file his motion. Under these circumstances, Mr. Clucas failed to file his motion within a reasonable time. *See Eubank* at ¶ 9.

{¶15} Moreover, Mr. Clucas failed to demonstrate that several of the arguments he raised in his motion were not cognizable on appeal. "Lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure." *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275, paragraph two of the syllabus. Mr. Clucas could have challenged the validity of Wells Fargo's assignment, Wells Fargo's status as the real party in interest, or the possible securitization of his loan on direct appeal. Therefore, he could not use a Civ.R. 60(B) motion as a substitute for a timely appeal on those issues. *Id.* at ¶ 1.

{¶16} Lastly, we consider Mr. Clucas' argument that he was entitled to relief from judgment because the court entered a default judgment against him in the absence of a hearing. The reason Mr. Clucas claimed to be entitled to a hearing was that, during the course of the foreclosure proceedings, he had communicated with Wells Fargo "regarding the foreclosure and resolution thereof." We will presume that, to prove the existence and extent of his communications with Wells Fargo, Mr. Clucas would have had to rely on evidence outside of the record, and thus, could not have presented this argument by way of direct appeal. *See Harmon v. Harmon*, 9th Dist. Summit No. 11575, 1984 WL 6193, *1 (May 30, 1984). Even so, he failed to demonstrate that he was entitled to relief under Civ.R. 60(B)(5).

**{¶17}** In his Civ.R. 60(B) motion, Mr. Clucas argued that he did not know he had to file a formal, responsive pleading and "was of the good faith belief that he was in fact defending the matter through negotiations." His argument was, in essence, one of excusable neglect under Civ.R. 60(B)(1). Yet, Mr. Clucas never sought relief on that ground. Instead, he asked the court to relieve him of the unjust operation of a judgment under Civ.R. 60(B)(5). Civ.R. 60(B)(5), however, "is not a substitute for the enumerated grounds for relief from judgment." *Chuck Oeder Inc.*, 2007-Ohio-7032, at ¶ 10. Further, it is reserved for "extraordinary and unusual case[s]." *Myers*, 2005-Ohio-3800, at ¶ 14.

**{¶18}** The trial court determined that Mr. Clucas chose not to participate in the proceedings until the eve of the sale of his house and that, despite his pro se status in the court below, he had to bear the consequences of his inaction. Having reviewed the record, we cannot conclude that the trial court abused its discretion when it denied Mr. Clucas' motion to set aside the decree of foreclosure. Mr. Clucas waited over nine months to file his motion and failed to demonstrate that he was entitled to relief under any of the grounds set forth in Civ.R. 60(B)(1) through (5). *See GTE Automatic Elec., Inc.*, 47 Ohio St.2d at paragraph two of the syllabus. Therefore, Mr. Clucas' assignments of error are overruled.

III.

**{¶19}** Mr. Clucas' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶20} I concur in the majority's judgment, as I agree the trial court did not abuse its discretion in denying Mr. Clucas' Civ.R. 60(B) motion based on the arguments he made. However, given the limited record, I do not agree with the majority's conclusion that his motion was not filed within a reasonable time. Nonetheless, as I cannot say that that issue is dispositive, I concur in the majority's judgment.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

SCOTT A. KING and TERRY W. POSEY, Attorneys at Law, for Appellee.