[Cite as *Bank of New York v. Martin*, 2015-Ohio-3685.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BANK OF NEW YORK, | ) | CASE NO. 14 MA 112 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JEFFREY MARTIN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 12CV1019

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Matthew Richardson
                               Atty. John E. Codrea
                               Manley, Deas, Kochalski, LLC
                               P.O. Box 165028
                               Columbus, Ohio 43216

For Defendant-Appellant:       Atty. Bruce M. Broyles
                               Law Office of Bruce M. Broyles
                               5815 Market Street, Suite 2
                               Boardman, Ohio 44512

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  September 2, 2015

ROBB, J.

**{¶1}** Defendants-Appellants Jeffrey and Cecilia Martin appeal the decision of the Mahoning County Common Pleas Court denying their motion for relief from judgment. The issue in this appeal is whether the trial court abused its discretion in denying the Civ.R. 60 (B)(4) and (5) motion. For the reasons expressed below, the trial court's decision is hereby affirmed.

<u>Statement of Case</u>

**{¶2}** On April 5, 2012, Plaintiff-Appellee The Bank of New York Mellon filed a complaint for foreclosure against Appellants. Attached to the complaint was a copy of the note and mortgage issued for 1622 Weston Avenue, Youngstown, Ohio. The note was executed on July 20, 2006 by Jeffery Martin and America's Wholesale Lender. A stamp on the last page of the note indicated the note was negotiated to Countrywide Home Loans, Inc. who then became the holder of the note. The mortgage was recorded in Mahoning County by Countrywide Home Loans, Inc. on July 21, 2006. The language in the mortgage included a statement that Mortgage Electronic Registration Systems, Inc. ("MERS") acts as a nominee for Lender and Lender's successors and assigns. Also attached to the note is a document titled "Assignment of Mortgage." This document indicated that on November 10, 2011, MERS was the holder of the note and on that date the mortgage was assigned to Appellee.

**{¶3}** Appellants did not file an answer to the complaint. As a result of their inaction, Appellee moved for default. 5/24/12 Motion for Default Judgment. On July 12, 2012, the trial court granted default judgment and issued a decree of foreclosure. On January 10, 2013, an order of sale was issued to the Mahoning County Sheriff. The sale was scheduled for May 14, 2013. Approximately 5 weeks prior to the sale date, Appellants moved to vacate the order of sale and withdraw the property from sale. 4/8/13 Motion.

**{¶4}** The magistrate considered Appellant's motion and issued an order stating the court would withdraw the sale if Appellants showed the foreclosure action was settled, or was in the process of being resolved. 4/30/13 Magistrate's Decision.

Appellant was instructed to supplement its request with documentation demonstrating a settlement or acceptance of a modification of the mortgage. 4/30/13 Magistrate's Decision.

{¶5} Appellants failed to supplement and the property was sold at sheriff's auction on May 14, 2013. 5/20/13 Sheriff's Return.

{¶6} A month after the sale, Appellants filed a motion to vacate the July 2012 judgment entry and decree in foreclosure, and to stay the confirmation of the May 2013 sheriff's sale. 6/13/13 Motion. The basis for the motion was that Appellee lacked standing to seek foreclosure. Appellants admitted the mortgage indicates that MERS is a nominee for lender and its assigns, but contended that when MERS assigned the mortgage to Appellee it was not doing so in "any 'nominee' capacity." Appellants asserted that the assignment of the mortgage failed to transfer any interest in the mortgage to Appellee. This created, according to Appellants, a void judgment and, pursuant to the Ohio Supreme Court's decision in *Schwartzwald,* the "jurisdictional requirement" of standing was not met.

{¶7} In July 2013, Appellee filed a motion in opposition asserting that it was a real party in interest. Thereafter, on February 3, 2014, Appellee filed a motion for entry of confirmation of sale. The following day the trial court granted the motion. 2/4/14 Confirmation Entry.

{¶8} Appellants did not file a notice of appeal from the February 4, 2014 Confirmation Order. Instead, Appellants filed a memorandum in opposition to the motion for confirmation of sheriff's sale. 2/18/14 Memorandum in Opposition. It appears that the basis for the motion was that the trial court had not ruled on the motion to vacate the foreclosure decree and to stay the confirmation of the sale, and in moving for confirmation Appellee did not remind the court of the pending motions.

{¶9} Appellee replied to that opposition memorandum and argued that the trial court's confirmation of the sale effectually overruled the motions to vacate and to stay. 3/27/14 Reply.

{¶10} On July 3, 2014, Appellants filed a Civ.R. 60(B) motion for relief from the July 2012 decree of foreclosure. This motion was based on Civ.R. 60(B)(4) and

(5). Appellants once again asserted Appellee lacked standing to seek foreclosure for the same reasons espoused in the June 2013 motion to vacate. That same day, Appellants filed a motion to stay execution to prevent Appellee from removing them from the premises located at 1622 Weston Avenue, Youngstown, Ohio. 7/3/14 Motion.

**{¶11}** The trial court overruled those motions on July 18, 2014.

**{¶12}** Appellants filed a timely appeal from that decision.

<u>Assignment of Error</u>

"The trial court abused its discretion in denying the motion for relief from judgment."

**{¶13}** Appellants are appealing the trial court's decision to deny their Civ.R. 60(B) motion for relief from judgment.

**{¶14}** We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113 (1976).

**{¶16}** If any of these three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶17}** Civ.R. 60(B)(1) through (5) allows for the trial court to relieve parties from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R.60(B).

**{¶18}** However, the Supreme Court of Ohio has held, that "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986).

**{¶19}** In this case, the trial court's decision is affirmed on two bases. First, the motion for relief from judgment was used as a substitute for appeal. Second, alternatively, the motion was untimely as it was not made within a reasonable amount of time.

### 1. Substitute for Appeal

**{¶20}** Recently, the Ohio Supreme Court has reiterated that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16. The Court additionally explained that "lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment." *Id.* at ¶ 25.

**{¶21}** In *Kuchta*, the ground for vacating was based on Civ.R. 60(B)(3), which is fraud, misrepresentation, or other misconduct committed by a party to obtain

judgment. *Id.* at ¶ 10-13. Specifically, as to fraud, *Kuchta* held, "[a]n allegation that a plaintiff fraudulently claimed to have standing may not be asserted as a ground for vacating the judgment under Civ.R. 60(B)(3)." *Id.* at paragraph 1 of the syllabus and ¶ 25. The allegation of lack of standing was raised in the answer to the foreclosure complaint in *Kutcha* as an affirmative defense.

{¶22} These factors procedurally distinguish our case from *Kuchta*. Appellants' grounds for vacating the confirmation of the sale were Civ.R. 60(B)(4) and (5), not Civ.R. 60(B)(3). Additionally, Appellants did not answer the complaint and a default judgment was issued against them. Hence, the alleged lack of standing was not raised as an affirmative defense; it was first raised in the motion to vacate.

{¶23} Since *Kuchta* did not involve Civ.R. 60(B)(4) and (5) or default judgments, the *Kuchta* holding that lack of standing cannot be asserted as a ground for vacating a judgment under Civ.R. 60(B)(3) does not extend to the situation before us.

{¶24} That said, we acknowledged that our sister districts have applied the *Kuchta* holding and reasoning to Civ.R. 60(B)(4) and (5) to default judgments. The Eleventh Appellate District has twice applied the *Kuchta* holding to cases that are procedurally similar to the one before us, and have concluded that res judicata bars the Civ.R. 60(B) motion because it was used as a substitute for appeal. *GMAC Mtge., L.L.C. v. Blazetic*, 11th Dist. No. 2014-L-066, 2014-Ohio-5617, ¶ 26-29 (Civ.R. 60(B) motion was based on (4) and (5). Appellate court found appellant utilized a non-cognizable means, motion for relief from judgment based on an alleged lack of standing, to challenge the default judgment in foreclosure.); *Chase Home Fin. v. Mentschukoff*, 11th Dist. No. 2014-G-3205, 2014-Ohio-5469, ¶ 26-28 (also relying on the timeliness of Civ.R. 60(B)(4) and (5) motion to find that the trial court did not abuse its discretion in denying the motion to vacate). Specifically in *Mentschukoff*, the court reasoned:

> It is well established that "[a] party may not use a Civ.R. 60(B) motion
> as a substitute for a timely appeal" from a final judgment. *Doe v.*

*Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. In its recent decision in *Kuchta,* the Supreme Court held that "lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment," and noted that "the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment." *Id.* at paragraph two of the syllabus, ¶ 1 and 8 ("a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal from the judgment in foreclosure on the issue of standing").

*Id.* at ¶ 26.

**{¶25}** Similarly, the Ninth Appellate District has also applied *Kuchta* in a case procedurally and factually akin to the one before us. *Wells Fargo Bank, N.A. v. Clucas*, 9th Dist. No. 27264, 2015-Ohio-88, ¶ 15 (Civ.R. 60(B)(4) and (5) cannot be used as means to attack alleged lack of standing; issue is not cognizable in collateral attack.) *See generally JP Morgan Grantor Trustee v. Sponseller*, 9th Dist. No. 27244, 2014-Ohio-5533, ¶ 10 (general proposition that Civ.R. 60(B)(4) and (5) cannot be used a means to attack alleged lack of standing in foreclosure action, however, the case was not a default judgment case).

**{¶26}** We do not need to extend *Kuchta*, as our sister districts have. It is apparent to this court that the procedural aspects of the case before us demonstrate the July 2014 Civ.R. 60(B) motion was used as a substitute for appeal. *Kuchta* restated the general law that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal. *Kuchta*, 2014-Ohio-4275 at ¶ 25.

**{¶27}** The default judgment and decree of foreclosure were issued July 12, 2012. Appellants did not appeal. The property sold in May 2013. In June 2013, Appellants filed a motion to vacate the July 2012 default judgment and decree of foreclosure, and stay confirmation of the sale on the basis that Appellee allegedly did not have standing to seek foreclosure. In February 2014, the trial court confirmed the sale. Appellants did not appeal from order. Instead, in July 2014 they filed a Civ.R.

60(B)(4) and (5) motion for relief from judgment, and once again argued that Appellee lacked standing to foreclose.

**{¶28}** The Ohio Supreme Court has indicated two judgments are appealable in foreclosure actions: the order of foreclosure and sale, and the order of confirmation of sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 35, citing *LaSalle Bank Natl. Assn v. Smith,* 7th Dist. No. 11MA85, 2012-Ohio-4040. Therefore, motions to vacate could have been filed from either the July 2012 foreclosure decree or the February 2014 confirmation order. In this instance, motions to vacate were filed from both orders. However, what makes the July 2014 Civ.R. 60(B) motion to vacate a substitute for appeal is the fact that Appellant did not appeal from the denial of the June 2013 motion to vacate. The basis to vacate in the July 2014 and June 2013 motions are exactly the same, i.e. alleged lack of standing. Denial of the June 2013 motion to vacate occurred in the February 2014 confirmation judgment entry. While the confirmation judgment entry did not specifically state that it was overruling the June 2013 motions to vacate and stay, the act of confirming the sale was effectually a denial of the motions to vacate and stay the confirmation. *See State v. Hamilton*, 5th Dist. No. 13CA93, 2014-Ohio-3171, ¶ 52 (when trial court does not specifically rule on motion but proceeds to final order it is presumed that the trial court denied the motion); *State v. Hoang*, 9th Dist. No. 11CA0013-M, 2012-Ohio-3741, ¶ 30 (no ruling on record appellate court presumed trial court denied the motion); *Adams v. Ward*, 7th Dist. No. 09 MA 25, 2010-Ohio-4851, ¶ 70 (any motion not ruled upon by a trial court is deemed denied). Appellants could have and should have filed an appeal from the February 2014 confirmation judgment entry. Then was the time for Appellants to argue that the trial court incorrectly determined Appellee did have standing and abused its discretion in denying Appellants motion to vacate on that basis. Instead, five months after the confirmation judgment entry and denial of the first motion to vacate, Appellants filed the second motion to vacate the foreclosure decree. That second motion to vacate presents an example of using Civ.R. 60(B) as a substitute for appeal.

2. Timeliness of Civ.R. 60(B) Motion

**{¶29}** Furthermore, in order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE,* 47 Ohio St.2d at 150–151. If any of the three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc.,* 36 Ohio St.3d at 20.

**{¶30}** The third requirement will be discussed due to recent decisions from this court and from our sister districts; that requirement is timeliness. Since the Civ.R. 60(B) motion was based on the grounds enumerated in sections (4) and (5), the motion had to be filed within a reasonable time.

**{¶31}** The default judgment entry was issued July 12, 2012. The Civ.R. 60(B)(4) and (5) motion was filed July 3, 2014. This is a lapse of two years.

**{¶32}** We have recently stated that it is within the trial court's discretion to find a 3.75 year delay unreasonable. *U.S. Bank, N.A. v. Metzger*, 7th Dist. No. 14 MA 63, 2015-Ohio-839, ¶ 43. Another case out of our district held that a motion to vacate filed 18 months after the entry of default judgment was unreasonable. *CitiMortgage, Inc. v. Fishel*, 7th Dist. No. 11MA97, 2012–Ohio–4117, ¶ 14 (debtor alleged lack of standing).

**{¶33}** The Ninth Appellate District has also found a nine month delay is unreasonable where there was no dispute that appellant was aware of the foreclosure proceedings, received a copy of the complaint, and made no attempt to explain why he waited a little over nine months to file the motion to vacate. *Clucas*, 2015-Ohio-88 at ¶14.

**{¶34}** Appellants assert that the delay of two years was the result of working with the "Save the Dream" program in an attempt to reinstate their loan. We have

repeatedly indicated that "tactical maneuvers to stop the foreclosure action * * * do not prevent a party from filing a motion to vacate." *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. No. 11 MA 85, 2012-Ohio-4040, ¶ 39; *Metzger*, 2015-Ohio-839 at ¶ 40. Participating in the "Save the Dream" program does not render the 2 year delay in filing the Civ.R. 60(B) reasonable.

**{¶35}** Therefore, this court does not need to address the other two elements of Civ.R. 60(B) because the motion was not timely.

Conclusion

**{¶36}** In conclusion, the sole assignment of error is meritless. The trial court did not abuse its discretion in overruling the Civ.R. 60(B) motion for relief from judgment. We hold that the July 2014 Civ.R. 60(B) motion was used as a substitute for appeal because Appellants did not appeal the denial of the earlier motion to vacate the default judgment entry. Alternatively, we hold that the July 2014 Civ.R. 60(B) motion was not filed within a reasonable time and thus, the trial court did not abuse its discretion in denying the motion. The judgment entry and decree of foreclosure and confirmation of sale entry are hereby affirmed.


Donofrio, P.J.,concurs.

DeGenaro, J., concurs.