[Cite as *Knox v. Dorsey*, 2023-Ohio-2151.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RENITA R. KNOX

    Appellee

    v.

DARYL DUANE DORSEY

    Appellant

C.A. No.    30509

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2010-11-3312

DECISION AND JOURNAL ENTRY

Dated: June 28, 2023

FLAGG LANZINGER, Judge.

{¶1}   Daryl Dorsey appeals from the judgment of the Summit County Domestic Relations Court. This court affirms.

I.

{¶2}   Appellee, Renita Knox gave birth to a child on September 22, 1993. Mr. Dorsey signed the affidavit of paternity placing him on the child's birth certificate. On February 8, 1994, Summit County Child Support Enforcement Agency issued a child support order against Mr. Dorsey. Mr. Dorsey objected to the amount of support but did not contest paternity of the child.

{¶3}   On October 15, 2010, CSEA made a recommendation to increase Mr. Dorsey's child support obligations. Again, Mr. Dorsey objected to the amount of support and did not contest paternity. On October 12, 2011, Mr. Dorsey's child support obligations were terminated when the child emancipated, though outstanding arrearages remained. Mr. Dorsey did not contest paternity

at that time. On December 15, 2015, Mr. Dorsey filed a post-decree motion regarding his arrearages with the trial court while not raising the issue of paternity.

{¶4} On August 16, 2018, Mr. Dorsey filed a motion with the trial court to disestablish paternity. In April of 2019, Mr. Dorsey filed motions to discontinue collection of his child support arrearages until further notice.

{¶5} While this case was proceeding in the Summit County Domestic Relations Court, on August 31, 2020, Mr. Dorsey filed a complaint for fraud against Ms. Knox in the Summit County Common Pleas Court, General Division. The trial court dismissed the complaint, which this Court affirmed on appeal on June 15, 2022, in *Dorsey v. Henry*, 9th Dist. Summit No. 29936, 2022-Ohio-2023.

{¶6} On July 15, 2021, Mr. Dorsey filed a motion for relief from judgment seeking a refund of all child support paid to Ms. Knox. On August 24, 2022, the magistrate issued a decision denying Mr. Dorsey relief from judgment which the trial court adopted. Mr. Dorsey filed objections to the magistrate's decision. The trial court overruled Mr. Dorsey's objections and denied him relief from judgment. Mr. Dorsey now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING
DORSEY RELIEF FROM JUDGMENT.

{¶7} Mr. Dorsey argues that the trial court erred and abused its discretion when it denied him relief from judgment. Mr. Dorsey argues that he is entitled to relief from judgment under Civ.R. 60(B)(5), because Ms. Knox perpetrated a fraud upon the court when she knowingly represented that he was the father of the child, when he was not. Mr. Dorsey argues that he has

provided sufficient reasons for why relief should be given. Mr. Dorsey argues his motion is timely under Civ.R. 60(B)(5) because the rule requires the motion be made in a reasonable time. Additionally, Mr. Dorsey argues that he has a meritorious claim to pursue if relief is granted. We disagree.

**{¶8}** The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd*., 66 Ohio St.3d 619, 621 (1993).

**{¶9}** In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), it must demonstrate that it has met each of three requirements as set forth by the Supreme Court of Ohio in *GTE Automatic Electric, Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146 (1976). Those requirements are as follows:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at paragraph two of the syllabus. If the moving party fails to prove any of these three elements, then the trial court must deny the motion, otherwise it is an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988); *Technical Servs. Co. v. Trinitech Internatl., Inc.*, 9th Dist. Summit No. 21648, 2004-Ohio-965, ¶11, citing *Mitchell v. Mill Creek Sparkle Market, Inc*., 7th Dist. Mahoning No. 97CA230, 1999 WL 476039, *2 (June 29, 1999).

**{¶10}** Civ.R. 60(B) states, relevant to this case, as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Mr. Dorsey sought relief in the trial court pursuant to Civ.R. 60(B)(5). This provision allows the trial court to grant relief from judgment for "any other reason[.]" Mr. Dorsey argued that he was entitled to relief under this provision because Ms. Knox committed a fraud on the court. Civ.R. 60(B)(3) provides a specific provision allowing relief from judgment where fraud is alleged but, when the conduct is alleged to be fraud on the court, relief may be appropriate pursuant to Civ.R. 60(B)(5).

**{¶11}** The Supreme Court has stated:

It is generally agreed that " * * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense." Thus, in the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, *e.g.*, an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment.

(Internal citation omitted) *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983). Civ.R 60(B)(5) is a "catch-all provision" that "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment." *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 346 (1977).

**{¶12}** Here, Civ.R. 60(B)(5) cannot be used because Mr. Dorsey has not shown a fraud upon the court. In his Civ.R. 60(B) motion, he argued that Ms. Knox committed "a fraud upon the court" when she gave fraudulent information to the court. However, Mr. Dorsey does not allege facts that constitute a fraud upon the court, as discussed in *Coulson*, warranting consideration under Civ.R. 60(B)(5). *See, e.g.*, *Turoczy v. Turoczy*, 30 Ohio App.3d 116 (8th Dist.1986). "Where

the motion involves a misrepresentation made by an adverse party, it is properly brought pursuant to Civ.R. 60(B)(3)." *Eubank v. Mardoian*, 9th Dist. Lorain No. 11CA009968, 2012-Ohio-1260, ¶ 10, quoting *Zaubi v. Caluya*, 8th Dist. Cuyahoga No. 61308, 1991 WL 205417 (Oct. 10, 1991)

**{¶13}** Mr. Dorsey has shown, at most, fraud by a party, and that must be raised under Civ.R. 60(B)(3). "A party cannot convert a Civ.R. 60(B)(3) motion into a Civ.R. 60(B)(5) motion merely by characterizing conduct as fraud upon the court." *Eubank* at ¶ 10, quoting *CIT Fin. Servs., Inc. v. Lazzano*, 8th Dist. Cuyahoga No. 47401, 1984 WL 5461, *2 (Apr. 12, 1984). "Civ.R. 60(B)(5) only applies when one of the specific provisions enumerated in Civ.R. 60(B)(1) to (4) does not apply." *Simon v. Simon*, 9th Dist. Summit No. 28962, 2019-Ohio-777, ¶ 8, quoting *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 13, *see also Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), at paragraph one of the syllabus.

**{¶14}** If Mr. Dorsey had made the motion pursuant to Civ.R. 60(B)(3), he could not meet the requirements because he did not file it within one year. For Mr. Dorsey to prevail on a motion for relief from judgment under Civ.R. 60(B)(3) for a claim of fraud, he must demonstrate that he has met each of the three requirements set forth in *GTE Automatic Electric, Inc.* Here, Mr. Dorsey was required to file a Civ.R. 60(B) motion for a claim of fraud within one year of the judgment. Mr. Dorsey's motion was not made within one year after judgment. Mr. Dorsey's assignment of error is overruled.

III.

**{¶15}** Mr. Dorsey's sole assignment of error is overruled. The judgment of the Summit County Domestic Relations Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

NEIL P. AGARWAL, Attorney at Law, for Appellee.