[Cite as *McBenttes v. AMM Properties, L.L.C.*, 2016-Ohio-7951.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| AMM PROPERTIES, LLC | | C.A. No.    28204 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| OSCAR MCBENTTES, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No.    CV-2015-04-2323 |

DECISION AND JOURNAL ENTRY

Dated: November 30, 2016

WHITMORE, Presiding Judge.

{¶1}    Oscar McBenttes and Top it Off, LLC have appealed a judgment of the Summit County Court of Common Pleas that denied their motion for relief from judgment. This Court affirms.

I.

{¶2}    AMM Properties, LLC ("AMM") filed a complaint against Mr. McBenttes and Top it Off, alleging that they breached their lease of a commercial suite. When Mr. McBenttes and Top it Off did not file an answer, AMM moved for default judgment. The trial court granted its motion on June 24, 2015. A couple of months later, the court amended its judgment nunc pro tunc to correct the spelling of Mr. McBenttes's last name.

{¶3}    On March 1, 2016, Mr. McBenttes and Top it Off moved for relief from judgment. They argued that they had a meritorious defense because AMM breached the lease first by failing to perform its obligations. Mr. McBenttes also alleged that he was not a party to

the lease. Mr. McBenttes and Top it Off argued that relief was appropriate under Civ.R. 60(B)(5) because, even though their legal counsel had negotiated with AMM before the lawsuit was filed, they did not receive notice of the motion for default judgment under Civ.R. 55. They further argued that they had filed their motion within a reasonable time. The trial court denied the motion, however, concluding that Mr. McBenttes and Top it Off had failed to demonstrate any reason justifying relief or that their motion was timely filed. Mr. McBenttes and Top it Off have appealed, assigning as error that the trial court incorrectly denied their motion for relief from judgment.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANTS' MOTION FOR RELIEF FROM SUMMARY JUDGMENT.

{¶4}    Mr. McBenttes and Top it Off have argued that they were entitled to relief from the trial court's judgment under Civ.R. 60(B)(5). That rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any * * * reason justifying relief from the judgment." Civ.R. 60(B)(5).

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:  (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound

discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶5} We will begin by considering the timing of the motion for relief from judgment, because it is dispositive. As previously noted, Civ.R. 60(B) provides that a motion under Civ.R. 60(B)(5) must be "made within a reasonable time * * * after the judgment * * * was entered[.]" What constitutes reasonable time depends on the facts of the case. *Wells Fargo Bank, N.A. v. Clucas*, 9th Dist. Summit No. 27264, 2015-Ohio-88, ¶ 13. The movant, however, "must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." *Id.*, quoting *McFall v. McFall*, 9th Dist. Summit No. 26418, 2013-Ohio-2320, ¶ 14.

{¶6} The trial court entered default judgment against Mr. McBenttes and Top it Off on June 24, 2015. They did not file their Civ.R. 60(B) motion until March 1, 2016, which was over eight months later. In their motion, Mr. McBenttes and Top it Off did not explain the reason that it took eight months for them to move for relief from judgment. They only argued that their motion should be considered timely because no collection action had been taken against them and because granting the motion would not unduly prejudice AMM. There is no indication in the record that they were unaware of the proceedings or did not receive notice of the trial court's judgment. *See Clucas* at ¶ 14. In their brief, Mr. McBenttes and Top it Off argue that the trial court should not have "defaulted to a conclusion of an untimely filing without any facts in the records demonstrating the filing was untimely." It was their obligation, however, to demonstrate that the motion was filed within a reasonable time. *See id.* at ¶ 13, *Eubank v. Mardoian*, 9th Dist. Lorain No. 11CA009968, 2012-Ohio-1260, ¶ 9. Upon review of the record, we conclude

that it was not an abuse of discretion for the trial court to determine that Mr. McBenttes's and Top it Off's motion for relief from judgment was not filed within a reasonable time. Mr. McBenttes's and Top it Off's assignment of error is overruled.

## III.

**{¶7}** Mr. McBenttes's and Top it Off's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DARREN W. DEHAVEN, Attorney at Law, for Appellants.

R. SCOTT HALEY, Attorney at Law, for Appellee.