[Cite as *Ice Miller L.L.P. v. Advanced Diagnostics, Inc.*, 2017-Ohio-8850.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ICE MILLER, LLP fka SCHOTTENSTEIN, ZOX & DUNN, CO., LPA

     Appellee

v.

ADVANCED DIAGNOSTICS INC.

     Appellant

C.A. No.     28584

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2016-02-0948

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

HENSAL, Presiding Judge.

{¶1} Advanced Diagnostics, Inc. appeals from the judgment of the Summit County Court of Common Pleas. We reverse and remand.

I.

{¶2} The factual background of this case is not relevant for purposes of this Court's disposition of this appeal. We, therefore, will focus our analysis on the procedural history and motion practice that precipitated this appeal.

{¶3} Ice Miller LLP, fka Schottenstein, Zox & Dunn Co., LPA ("Ice Miller"), filed a complaint against Advanced Diagnostics, Inc. ("Advanced Diagnostics") in February 2016. In April 2016, Ice Miller moved for default judgment on the basis that Advanced Diagnostics failed to file a responsive pleading to Ice Miller's complaint. One week later, and without any response from Advanced Diagnostics, the trial court granted Ice Miller's motion.

{¶4} Nine months later, Advanced Diagnostics filed a "Motion for Relief from Judgment; Motion to Vacate or Set Aside Judgment[,]" and then filed an amended motion shortly thereafter. In it, Advanced Diagnostics argued that it never received proper service of the complaint, and that it only learned of the default judgment through its statutory agent months after the trial court's order. Advanced Diagnostics argued that it was entitled to relief under Civil Rule 60(B)(1) and (5), which allow a court to grant relief from a judgment in the event of mistake, inadvertence, surprise, or excusable neglect, or for any other reason justifying relief from judgment. Advanced Diagnostics also argued that, in the alternative, the trial court should vacate the judgment on the basis of lack of jurisdiction. Importantly, both arguments were predicated upon the alleged lack of service.

{¶5} The trial court summarily denied Advanced Diagnostics' motion, stating that it did so based "[u]pon consideration of the motion in light of Civ.R. 60(B) and *GTE Automatic Elec., Inc. v. ARC Industries, Inc. * * *.*" The trial court provided no further analysis of its decision. Advanced Diagnostics has appealed that decision, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING ADVANCED DIAGNOSTIC[S'] CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGMENT GIVEN THE EVIDENCE SUBMITTED TO THE COURT FULFILLED THE REQUIREMENTS OF CIVIL RULE 60(B).

{¶6} In its first assignment of error, Advanced Diagnostics argues that the trial court abused its discretion when it denied its motion for relief from judgment under Rule 60(B). As explained below, we decline to address the merits of this argument.

{¶7} As previously noted, the crux of Advanced Diagnostics' argument below was that, since it never received proper service of the complaint, it was entitled to relief from judgment under Rule 60(B), or to have the trial court vacate the judgment on the basis of lack of jurisdiction. As the Ohio Supreme Court has stated, "a judgment rendered without proper service or entry of appearance is a nullity and *void*." (Emphasis added.) *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 367 (2000), quoting *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956). Rule 60(B), however, governs voidable, as opposed to void, judgments. This Court has explained that:

> a party that argues that a judgment is void "should not file a Civ.R. 60(B) motion for relief from judgment in order to have [it] vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." * * * "This is because '[t]he power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state.'" * * * Instead, "a common law motion to vacate is the appropriate means by which to challenge a judgment that is void."

(Citation omitted.) *Lorain Natl. Bank v. Corna*, 9th Dist. Lorain No. 13CA010472, 2015-Ohio-432, ¶ 7. We further explained that, if "a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will treat the motion as a common law motion to vacate or set aside the judgment * * *." (Citation omitted.) *Id.* This is significant because "a common law motion to vacate a void judgment need not meet the standards applicable to a Civ.R. 60(B) motion." *State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7.

{¶8} Here, both of Advanced Diagnostics' arguments relied upon the alleged lack of proper service, which renders a judgment void, not merely voidable. *Cincinnati School Dist. Bd. of Edn.* at 366-367. Thus, a Rule 60(B) motion was not the appropriate means by which to challenge the trial court's judgment. *Corna* at ¶ 7. Notwithstanding, the trial court should have

considered Advanced Diagnostics' argument in that regard as a common law motion to vacate. *Id.* Instead, the trial court denied Advanced Diagnostics' motion under the auspices of Rule 60(B). Additionally, there is no indication that the trial court considered Advanced Diagnostics' alternative argument that the trial court should grant its motion to vacate on the basis of lack of jurisdiction. We, therefore, reverse and remand the matter in order for the trial court to consider Advanced Diagnostics' motion – in its entirety – as a common law motion to vacate. *Corna* at ¶ 9. Advanced Diagnostics' first assignment of error is sustained on that basis.

ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION AND/OR ERRED IN NOT GRANTING ADVANCED'S <u>MOTION TO VACATE OR SET ASIDE THE JUDGMENT</u> FOR LACK OF JURISDICTION.

{¶9} In light of our disposition of the previous assignment of error, we decline to address the merits of Advanced Diagnostics' second assignment of error on the basis that it is now moot. App.R. 12(A)(1)(c).

III.

{¶10} Advanced Diagnostics' first assignment of error is sustained. We decline to address the merits of Advanced Diagnostics' second assignment of error on the basis that it is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

MARK J. SHERIFF, Attorney at Law, for Appellee.