[Cite as *Helfinstine v. Wells Fargo Bank, NA*, 2020-Ohio-4675.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| MICHAEL L. HELFINSTINE | C.A. No.     29551 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WELLS FARGO BANK, NA., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.     CV-2017-06-2345 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

CALLAHAN, Presiding Judge.

{¶1}   Michael Helfinstine appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Wells Fargo Bank ("Wells Fargo") and Mortgage Specialist International, LLC ("MSI") on his trespass, conversion, and breach of contract claims. For the following reasons, this Court affirms.

I.

{¶2}   Mr. Helfinstine obtained a loan from Wells Fargo that he secured with a mortgage on his house. In 2011, Mr. Helfinstine's wife became terminally ill and, over the course of her treatment, Mr. Helfinstine fell behind on his mortgage payments. He also stopped living at the house to be closer to the hospitals where his wife was receiving treatment.

{¶3}   In February 2014, Wells Fargo sent Mr. Helfinstine a notice that, because it appeared that the house was vacant, it was going to take action to secure the property. Mr.

Helfinstine contacted Wells Fargo and told it that he still resided at the property and that it was not abandoned. Wells Fargo, therefore, informed him that it would not enter the property.

{¶4} A few weeks later, Mr. Helfinstine's brother notified Mr. Helfinstine that someone had entered the property, changed the locks, and taken many of Mr. Helfinstine's personal possessions. Mr. Helfinstine believed that the entry was done by MSI at the direction of Wells Fargo. A month later, Wells Fargo initiated a foreclosure action against Mr. Helfinstine. Mr. Helfinstine counterclaimed, alleging that Wells Fargo was liable for trespass, conversion, and breach of contract. He also filed a third-party complaint against multiple other companies, including MSI. After the trial court granted judgment to Wells Fargo on its foreclosure claim, Mr. Helfinstine dismissed his counterclaims and third-party complaint. He later refiled his claims against Wells Fargo in the common pleas court. Mr. Helfinstine also sued MSI and Maxim Enterprises, Inc. for trespass and conversion. Wells Fargo and MSI moved for summary judgment, arguing that Mr. Helfinstine's claims were barred by res judicata because they were compulsory counterclaims to Wells Fargo's foreclosure action. They later supplemented their motions. The trial court granted summary judgment to Wells Fargo and MSI over Mr. Helfinstine's opposition. Mr. Helfinstine has appealed, assigning as error that the trial court incorrectly granted summary judgment to Wells Fargo and MSI.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION
FOR SUMMARY JUDGMENT[.]

{¶5} In his single assignment of error, Mr. Helfinstine argues that the trial court incorrectly determined that his claims were compulsory counterclaims to the foreclosure action, leading it to grant summary judgment to Wells Fargo and MSI. This Court does not agree.

**{¶6}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

**{¶7}** Civ.R. 13(A) requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The Rule requires that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit * * * no matter which party initiates the action." *Retting Ents., Inc. v. Koehler*, 68 Ohio St.3d 274 (1994), paragraph one of the syllabus.

**{¶8}** When Civ.R. 13(A) requires the assertion of a counterclaim in an action, the effect of the Rule is to make the action one based not only upon the claims asserted, but upon those counterclaims that should have been asserted. *See Horne v. Woolever*, 170 Ohio St. 178 (1959), paragraph two of the syllabus (interpreting Fed.R.Civ.P. 13). *See also Broadway Mgt., Inc. v. Godale*, 55 Ohio App.2d 49, 50 (9th Dist.1977) (applying *Horne* to cases involving Civ.R. 13(A)).

When a defendant fails to assert a compulsory counterclaim under Civ.R. 13(A) in an action, a final judgment on the merits in that action will bar those claims in any subsequent action under the doctrine of res judicata. *See Horne* at 181 and paragraph three of the syllabus. *Compare Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

{¶9} A claim must be brought as a counterclaim if it existed at the time the pleading was served and arose "'out of the transaction or occurrence that is the subject matter of the opposing claim.'" *Rettig Ents., Inc.* at 277, quoting *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14 (1984). To determine whether claims arise out of the same transaction or occurrence, courts employ the "'logical relation'" test, which provides that claims are logically related when "separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts[.]" *Retting Ents., Inc.* at paragraph two of the syllabus.

{¶10} The Ohio Supreme Court has, therefore, emphasized the broad meaning and flexibility inherent in the phrase "same transaction or occurrence." *See id*. at 278, quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning" which may include "a series of many occurrences, depending * * * upon their logical relationship."). The test does not require that the respective claims be "precisely identical," nor does it exclude counterclaims that "embrace[ ] additional allegations." *Rettig Ents., Inc.* at 278, quoting *Moore* at 610. Opposing claims are compulsory counterclaims if they "'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Rettig Ents., Inc.* at 279, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3d Cir.1961).

{¶11} According to Mr. Helfinstine, the foreclosure action that Wells Fargo filed against him was a contract dispute over whether he failed to perform his obligations under the note and mortgage. He asserts that his tort claims involve an entirely different set of occurrences and do not involve any of the same evidence as Wells Fargo's foreclosure action. Consequently, Mr. Helfinstine argues that his claims do not arise out of the same transaction or occurrence as Wells Fargo's foreclosure action.

{¶12} This Court does not agree. One of Mr. Helfinstine's claims alleged breach of contract—specifically, breach of the same note and mortgage that were the subject of the foreclosure action. According to Mr. Helfinstine's complaint, the mortgage provided Wells Fargo with limited rights of entry and inspection of the premises. It also required Wells Fargo to provide reasonable notice to him. Mr. Helfinstine alleged in his complaint that Wells Fargo acted beyond its authority to preserve and maintain the premises and did not provide reasonable notice to him.

{¶13} Although Mr. Helfinstine's trespass and conversion claims sound in tort, they also necessarily involve the note and mortgage that was the subject of the foreclosure action. Whether Wells Fargo or its agents trespassed on the premises and converted Mr. Helfinstine's property depends on the construction and applicability of the mortgage provision pertaining to the preservation, maintenance, and protection of the property and the provision pertaining to protection of the lender's interest in the property. Upon review of the record, we conclude that because all of Mr. Helfinstine's claims involve the same note and mortgage that was at issue in the foreclosure action, they are logically related to Wells Fargo's claim from that action. *See Countrywide Home Loans Servicing, L.P. v. Stultz,* 161 Ohio App.3d 829, 2005-Ohio-3282, ¶ 20-21 (10th Dist.).

{¶14} Mr. Helfinstine's breach of contract, trespass, and conversion claims existed at the time of the foreclosure action, and the trial court did not err by concluding that they were compulsory counterclaims to Wells Fargo's foreclosure action. It follows that the trial court did not err by granting summary judgment to Wells Fargo based on res judicata. *See Horne*, 170 Ohio St. at 181 and paragraph three of the syllabus.

{¶15} Regarding MSI, Mr. Helfinstine argues that his claims against the company cannot be barred as compulsory counterclaims because MSI was not a party to the note and mortgage and was not a party in the foreclosure action, except as a third-party defendant to his claims. Upon review of Mr. Helfinstine's opposition to MSI's motion for summary judgment, however, we note that he did not advance this argument to the trial court. Although Wells Fargo and MSI submitted separate motions for summary judgment, Mr. Helfinstine submitted a combined response, which opposed both motions. He later submitted a combined supplement to his opposition after Wells Fargo and MSI supplemented their motions for summary judgment. In his initial opposition, Mr. Helfinstine argued that the counterclaims he had raised against Wells Fargo were permissive because the invasion of his home without authority was unrelated to the foreclosure complaint and because his right to privacy and security in his home did not arise from the note and mortgage. He argued that MSI misrepresented that all his claims were resolved in the prior action, noting that his counterclaims and third-party claims were bifurcated from the foreclosure claim and that he later voluntarily dismissed them. In his supplemental opposition, Mr. Helfinstine argued that the counterclaims he filed in the foreclosure action were permissive, that they were unrelated to the foreclosure action under the logical relation test, and that a trial on his claims would not involve a substantial duplication of time and effort. Mr. Helfinstine did not argue that his claims against MSI were not barred by res judicata because MSI "has no relationship to the contract underlying

the foreclosure action and was not a party plaintiff to the foreclosure" and because "[f]ellow tortfeasors are not compulsory parties to an action" or anything resembling those arguments.

{¶16} "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. Because we cannot consider Mr. Helfinstine's argument that his claims against MSI were not compulsory counterclaims in the foreclosure action because MSI was not a party to that action and was only a fellow tortfeasor, we conclude that Mr. Helfinstine has failed to establish that the trial court incorrectly granted summary judgment to MSI. Mr. Helfinstine's assignment of error is overruled.

III.

{¶17} Mr. Helfinstine's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, J.
CONCURS.

HENSAL, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶18} Wells Fargo asserted that an agent of MSI was not in Mr. Helfinstine's house at its behest, acknowledging that it had cancelled its request for an inspection when it learned from Mr. Helfinstine that the house was not vacant. The entry of the house, therefore, had nothing to do with the note and mortgage. It was, if as alleged, a separate tort committed against Mr. Helfinstine. Thus, I do not agree that Mr. Helfinstine's claims were compulsory counterclaims in the foreclosure action. Regarding MSI, however, I agree that Mr. Helfinstine failed to preserve his argument because he did not advance it to the trial court. I, therefore, respectfully concur in the judgment as to MSI but dissent as to Wells Fargo.

APPEARANCES:

BRIAN M. ASHTON, Attorney at Law, for Appellant.

SCOTT A. KING, Attorney at Law, for Appellee.

TIMOTHY S. RANKIN and JOHN P. MILLER, Attorneys at Law, for Appellee.