[Cite as *Vitek v. Ward*, 2022-Ohio-1797.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| MEGAN E. VITEK | C.A. No. 21CA0004-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN E. WARD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18DR0266 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2022

CALLAHAN, Judge.

{¶1}   Appellant, Brian Ward, appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division, that denied his motion for relief from judgment and motion to vacate.  This Court affirms in part and reverses in part.

I.

{¶2}   Brian Ward and Megan Vitek divorced in 2019.  Seventeen months later, Mr. Ward filed a "Motion for Relief from Judgment Pursuant to Ohio Civ.R. 60(B) and to Vacate Judgment Void Ab Initio[,]" in which he argued that the trial court's award of spousal support was unreasonable, that he received ineffective assistance of counsel in connection with the divorce proceedings, and that the divorce decree was a void judgment because he had not been properly served with a notice of hearing regarding contempt motions that were filed while the divorce was pending.  It appears from the docket that these contempt motions were never resolved.

{¶3}     On January 15, 2021, the trial court denied Mr. Ward's motion, concluding that he had not demonstrated that he had meritorious claims or defenses in the event the motion was granted and that his motion was not filed within a reasonable time.  Mr. Ward appealed, raising seven assignments of error.  For ease of disposition, this Court has rearranged his assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 5**

THE [TRIAL] COURT ERRED IN DENYING THE CIV.R. 60(B) MOTION[.]

{¶4}     In his fifth assignment of error, Mr. Ward argues that the trial court erred by denying his motion for relief from judgment under Civ.R. 60(B).  This Court does not agree.

{¶5}     Civ.R. 60(B) provides that relief from a judgment may be granted upon a demonstration of:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

A party challenging a judgment under Civ.R. 60(B) must demonstrate that the party has a meritorious defense or claim, that a circumstance has arisen under Civ.R. 60(B)(1)-(5), and that the motion is made within a reasonable time.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  "All three requirements are independent and in the conjunctive, so each must be clearly established to be entitled to relief."  *Windward Ents., Inc. v. Valley City Dev. Group LLC*, 9th Dist. Medina No. 18CA0001-M, 2019-Ohio-3419, ¶ 29, citing *GTE Automatic Elec., Inc.* at 151.  A trial court's determination of a motion for relief

from judgment pursuant to Civ.R. 60(B) is reviewed for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶6}    A motion made pursuant to Civ.R. 60(B)(1)-(3) must be filed within one year of the judgment. Civ.R. 60(B). *See also Fairbanks Capital Corp. v. Unknown Heirs at Law, Devisees, Legatees, Exrs. or Admrs. of Cleo A. Douglas*, 9th Dist. Summit No. 22733, 2005-Ohio-6459, ¶ 6-9. Whether a motion is filed within a reasonable time for purposes of Civ.R. 60(B)(5), on the other hand, depends upon the facts of each case. *Smith v. Smith*, 9th Dist. Summit No. 28961, 2019-Ohio-129, ¶ 17, quoting *Fairbanks Capital Corp.* at ¶ 11, quoting *Stickler v. Ed Breuer Co.*, 8th Dist. Cuyahoga Nos. 75126, 75129, 75206, 2000 WL 218380, *3 (Feb. 24, 2000). The movant is obligated to demonstrate that a Civ.R. 60(B)(5) motion is filed within a reasonable time with reference to "'some operative facts or evidentia[ry] material[.]'" *Smith* at ¶ 17, quoting *Fairbanks Capital Corp.* at ¶ 11, quoting *In re Guardianship of Brunstetter*, 11th Dist. Trumbull No. 2002-T-0008, 2002-Ohio-6940, ¶ 14. *See also AMM Properties, LLC v. McBenttes*, 9th Dist. Summit No. 28204, 2016-Ohio-7951, ¶ 6.

{¶7}    Mr. Ward's Civ.R. 60(B) motion was filed more than one year after the trial court entered the judgment of divorce.[1] Accordingly, his motion was untimely with respect to his

---

[1] The docket does not reflect compliance with the requirements of Civ.R. 58(B). Nonetheless, the terms of that Rule limit its application, providing that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." *See also* App.R. 4(A)(3).

arguments under Civ.R. 60(B)(1) and (3). *See* Civ.R. 60(B); *Fairbanks Capital Corp.* at ¶ 9. To the extent that Mr. Ward argued that he should be granted relief from judgment under Civ.R. 60(B)(5), the burden of demonstrating that the motion was filed within a reasonable time fell to him. *See AMM Properties, LLC* at ¶ 6. Mr. Ward filed his motion approximately one year and five months after the trial court entered judgment. Mr. Ward noted that he was represented by multiple attorneys in the trial court and that, after terminating his relationship with counsel in March 2019, he was unrepresented for over one year. He did not make any argument regarding how these facts related to whether his motion was filed within a reasonable time, however. Instead, he appears to have relied solely on a representation that "the period of the marriage itself, prior to the filing of the divorce complaint, was shorter than the period from the filing of the divorce complaint to the final decree of divorce[.]" This fact, even if true, does not demonstrate that it was reasonable for Mr. Ward to file a motion under Civ.R. 60(B)(5) seventeen months after the trial court entered judgment. To the extent that Mr. Ward asserted additional arguments in his appellate brief in support of the conclusion that his motion was filed within a reasonable time, this Court will not consider them for the first time on appeal. *See Helfinstine v. Wells Fargo Bank, NA*, 9th Dist. Summit No. 29551, 2020-Ohio-4675, ¶ 16.

{¶8}  The trial court did not abuse its discretion by determining that Mr. Ward's motion for relief from judgment was untimely and denying the motion on that basis. Mr. Ward's fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 6**

THE [TRIAL] COURT ERRED IN NOT VOIDING THE JUDGMENT[.]

{¶9}    Mr. Ward's sixth assignment of error argues that the trial court erred by denying his motion to vacate the divorce decree in the context of analyzing his Civ.R. 60(B) motion.  This Court agrees.

{¶10}  Ohio courts have the inherent authority to vacate void judgments without reference to Civ.R. 60(B).  *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.  A void judgment may be vacated through a common law motion to set aside the judgment, but one that is voidable must be set aside as provided by Civ.R. 60(B).  *In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19, citing *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 201-Ohio-3339, ¶ 7.  A common law motion to vacate a void judgment need not meet the standards that apply to a Civ.R. 60(B) motion.  *Liberatore v. Castorani*, 9th Dist. Lorain No. 20CA011609, 2021-Ohio-1684, ¶ 17, citing *9150 Group, L.P.* at ¶ 7.

{¶11}  In this case, however, the trial court resolved Mr. Ward's combined "Motion for Relief from Judgment Pursuant to Ohio Civ.R. 60(B) and to Vacate Judgment Void Ab Initio" entirely with reference to the standards applicable to Civ.R. 60(B).  The trial court did not consider Mr. Ward's additional argument that he was entitled to relief through the trial court's inherent power to vacate a void judgment.  *Compare Ice Miller, LLP v. Advanced Diagnostics Inc.*, 9th Dist. Summit No. 28584, 2017-Ohio-8850, ¶ 8.  In this respect only, this Court agrees that the trial court erred, but this Court makes no determination regarding the merits of Mr. Ward's arguments in the first instance.  *See Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21.

{¶12}  Mr. Ward's sixth assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 1

THE [TRIAL] COURT FAILED TO PROVIDE REASONABLE NOTICE[.]

## ASSIGNMENT OF ERROR NO. 2

THE CALCULATION OF SUPPORT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE.

## ASSIGNMENT OF ERROR NO. 3

THE [TRIAL] COURT ERRED IN ALLOWING INEFFECTIVE ASSISTANCE OF COUNSEL[.]

## ASSIGNMENT OF ERROR NO. 4

THE [TRIAL] COURT ERRED IN NOT RULING ON THE MOTION TO APPEAR BY VIDEO[.]

## ASSIGNMENT OF ERROR NO. 7

THE [TRIAL] COURT'S CUMULATIVE ERRORS [LED] TO AN UNJUST RESULT[.]

{¶13} Mr. Ward's first, second, third, fourth, and seventh assignments of error argue error in connection with the June 10, 2019, divorce decree. This appeal, however, is taken solely from the November 19, 2020, order that denied his motion for relief from judgment. As such, his first, second, third, fourth, and seventh assignments of error are beyond the scope of this appeal and are overruled solely on that basis.

III.

{¶14} Mr. Ward's first, second, third, fourth, fifth, and seventh assignments of error are overruled. His sixth assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶15} I concur in the majority's resolution of Mr. Ward's first, second, third, fourth, sixth, and seventh assignments of error. However, I respectfully dissent from the judgment as to Mr. Ward's fifth assignment of error.

{¶16} Here, the record does not support that the divorce decree was actually served upon Mr. Ward as required by Civ.R. 58(B). Civ.R. 58(B) provides that:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).

App.R. 4(A)(3) states that "[i]n a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." "The clerk of courts * * * did not make any notation on the docket regarding service of the judgment on any party. In the absence of a notation in the docket, service is not complete. Under such circumstances, the time for filing an appeal is tolled. This is true even when a party has actual notice of the judgment at issue." (Internal citations and quotations omitted.) *Stevens v. Stevens*, 9th Dist. Medina No. 17CA0084-M, 2019-Ohio-264, ¶ 10. In addition to impacting the time to appeal the divorce decree, I would also conclude that this failure should be taken into account in reviewing the Civ.R. 60(B) motion.

{¶17} Notably, the record is equally unclear about the service of other entries and orders, including trial notices, and the trial court's judgment entry does not clarify where service was attempted on Mr. Ward, assuming it was in fact attempted. Mr. Ward was a military contractor who was deployed overseas for a portion of the proceedings. The record is replete with envelopes evidencing that Ms. Vitek's attempts to serve Mr. Ward failed numerous times. Given that state of the record before this Court, I would conclude that it was an abuse of discretion for the trial court to determine that Mr. Ward filed his Civ.R. 60(B) motion in an unreasonable amount of time.

APPEARANCES:

DANIELLE C. KULIK, Attorney at Law, for Appellant.

DAVID MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellee.